**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT A. MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-153-SRW |
| | ) | |
| HEATHER TURNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Robert A. Morrow's Application to Proceed in District Court Without Prepaying Fees or Costs, and Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. The Court grants Plaintiff leave to proceed without prepayment of the filing fee, and assesses an initial partial filing fee of $60.47. Additionally, the Court gives Plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the

filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement showing an average monthly deposit of $302.38, and an average monthly balance of $42.70. The Court therefore assesses an initial partial filing fee of $60.47, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the South Central Correctional Center (SCCC), but his claims arise from events that occurred when he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). He filed the complaint pursuant to 42 U.S.C. § 1983 against Heather Turner, Timothy McFarland, Stephen Benson, and Unknown Whitehead. Plaintiff identifies these defendants as Missouri Department of Corrections employees, and sues them in their individual capacities. In the complaint, Plaintiff speculates that the ERDCC employs a person to act as a Prison Rape Elimination Act (PREA) Site Coordinator, and names a fictitious defendant called "John/Jane Doe PREA Site Coordinator." Plaintiff states he sues this fictitious defendant in an official and individual capacity. Condensed and summarized, Plaintiff's allegations are as follows.

In June of 2021, Whitehead placed Plaintiff in administrative segregation pending a PREA investigation. Plaintiff alleges he was told he would be unable to defend himself by presenting unspecified evidence and witnesses, but he then states the investigation concluded

3

with a finding of no wrongdoing on his part. Plaintiff believes offenders are generally allowed to return to the general population at that point, but unspecified defendants did not allow him to do so. In August of 2021, Plaintiff filed an Informal Resolution Request ("IRR"). In retaliation, unspecified defendants held him in administrative segregation for an additional seven months, and transferred him to a different facility.

Plaintiff claims his Fourteenth Amendment right to due process was violated when unspecified persons failed to allow him to present a defense and call witnesses during the PREA investigation; failed to allow him to return to the general population after the investigation closed; held him in administrative segregation too long; and failed to follow PREA policies and procedures. Plaintiff also claims his First Amendment rights were violated when unspecified persons retaliated against him for filing an IRR.

**Discussion**

The complaint contains no non-conclusory allegations that Plaintiff was held in conditions that imposed an atypical and significant hardship, as necessary to trigger the protections of the Due Process Clause. Demotion to segregated confinement, even without cause, is not itself an atypical and significant hardship. *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (internal citations omitted). Plaintiff also claims his First Amendment rights were violated when he was held in administrative segregation too long, and transferred to another facility. However, his allegations of retaliation are speculative and conclusory, and fail to give rise to a plausible entitlement to relief.

Importantly, throughout the complaint, Plaintiff fails to clearly identify the person or persons responsible for violating his rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203,

1208 (8th Cir. 1990). Moreover, by lumping the defendants into a group and providing no factual basis to distinguish their conduct, Plaintiff has failed to give each named defendant fair notice of the grounds for the claims made against him or her. This practice results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes it fails to state a claim upon which relief may be granted, and is subject to dismissal. However, the Court will not dismiss this action at this time, and will instead give Plaintiff the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each statement must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a

single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, if Plaintiff names a fictitious defendant, he must allege sufficient facts to allow identification of that person following reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff has also filed a motion to appoint counsel. A pro se litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the

issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Plaintiff has yet to state a non-frivolous claim. Additionally, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $60.47. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

7

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 23rd day of May, 2023.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE