UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-153-SRW |
| ) | |
| HEATHER TURNER, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon review of Plaintiff Robert A. Morrow's "Motion to Amend and/or Make Additional Findings." (ECF No. 11). The motion will be denied for the following reasons.

### Background

On February 9, 2023, Plaintiff instituted this action by filing a civil rights complaint against five employees of the Missouri Department of Corrections. He asserted claims premised upon events that occurred beginning in June of 2021. Along with the complaint and attached exhibits, Plaintiff filed the following documents: (1) an Application to Proceed in District Court Without Prepaying Fees or Costs; (2) a certified copy of his inmate account statement; and (3) a motion seeking the appointment of counsel. On that same day, the Court Clerk opened this civil action, and mailed to Plaintiff a letter along with a copy of the docket sheet, and copies of the documents he filed.

On April 21, 2023, Plaintiff filed a document titled "Request for Service." (ECF No. 6). Citing Fed. R. Civ. P. 4(c)(3), Plaintiff asked the Court to direct the U.S. Marshal to serve the defendants, and to rule his motion seeking leave to proceed in forma pauperis. On May 5, 2023, Plaintiff returned his magistrate judge consent form to the Court.

After conducting the required review of the complaint, the Honorable Stephen R. Welby entered a Memorandum and Order on May 23, 2023, concluding that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted.  In that Memorandum and Order, Judge Welby also granted Plaintiff leave to proceed in forma pauperis and directed him to pay an initial partial filing fee, and gave Plaintiff the opportunity to file an amended complaint.  Plaintiff had until June 22, 2023 to file an amended complaint, but he filed nothing by the deadline.  On July 6, 2023, this Court dismissed this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff filed the instant motion on July 17, 2023.  With the motion, he filed a letter asking the Clerk of Court to send him a copy of the docket sheet.  On that same date, a copy of the docket sheet was sent to him.  In the motion, Plaintiff states that he proceeds pursuant to Rule 52(b) of the Federal Rules of Civil Procedure.  He asserts that he instituted this action on February 9, 2023, but "never received any type of mail from the Court" granting him leave to proceed in forma pauperis or directing him to file an amended complaint.  (ECF No. 11 at 1). Plaintiff states he "even wrote the Court Clerk for a docket sheet.  See Clerk Files," and then "again wrote the Court Clerk to ask why there was no action being taken on his case.  See Clerk files."  *Id.* at 2.  Plaintiff does not state when he sent such correspondence to the Court. Plaintiff's current motion can be understood to ask that this case be reopened to allow him to file an amended complaint.

## Discussion

Plaintiff cites Rule 52(b) as the procedural basis for his motion.  However, "Rule 52(b) applies to 'an action tried on the facts without a jury' in which the district court makes findings of fact." *Stewart v. Norcold, Inc.*, 24 F.4th 1183, 1185 (8th Cir. 2022) (citing Fed. R. Civ. P. 52(a)(1)).  There was no trial in this case, and the district court made no findings of fact.

Plaintiff's motion is therefore procedurally improper. *See id.; see also Smithrud v. City of St. Paul*, 746 F.3d 391 (8th Cir. 2014) (affirming the denial of a Rule 52(b) motion when no trial had occurred, and the district court had made no findings of fact).

Even if Plaintiff had identified a proper procedural basis for the instant motion, it would be denied. Throughout the pendency of this action, the Court sent documents to Plaintiff at the address he specified. The Court never received notice that any mail sent to Plaintiff was undeliverable, and there is no indication of a general problem with Plaintiff's ability to receive documents in this case, or to submit filings to the Court. Obviously, Plaintiff was able to file the complaint and exhibits, the Application to Proceed in District Court Without Prepaying Fees or Costs, the certified inmate account statement, and the motion for appointment of counsel. It appears he received the Court's initial letter and documents, because he responded by submitting his magistrate judge consent form and filing a request for service of process by the U.S. Marshal. There is no basis in the record to conclude that Plaintiff sent additional filings to the Court to request a copy of the docket sheet, or to ask why there had been no activity in his case, as he asserts. (ECF No. 11 at 2). According to this Court's records, Plaintiff's only written request for a copy of the docket sheet was submitted along with the instant post-dismissal motion, and there is no record of the other filing Plaintiff describes. The record shows that Plaintiff filed nothing between the time he returned his magistrate judge consent form on May 5, 2023, and the time he filed the instant motion and accompanying letter on July 17, 2023.

After Plaintiff failed to respond to the Court's May 23, 2023 Memorandum and Order, the Court properly dismissed this action pursuant to Rule 41(b). The instant motion is procedurally improper. Additionally, it provides no basis to conclude that Plaintiff's failure to comply with the Court's May 23, 2023 Memorandum and Order was attributable to anything beyond his control, or any special circumstance. The motion points to no manifest error of law

3

or fact, and identifies no exceptional circumstances warranting relief.  Therefore, even if Plaintiff had identified a proper procedural basis for the motion, the Court would be unable to grant it. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

Plaintiff is reminded that this action was dismissed <u>without prejudice</u>, which means Plaintiff may institute a new civil action to assert the same or similar claims against the same defendants that he would have asserted in this action had it remained open.  To assist Plaintiff, the Court will provide him with copies of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, and form Application to Proceed in District Court Without Prepaying Fees or Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Robert A. Morrow's "Motion to Amend and/or Make Additional Findings"  (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983 and form Application to Proceed in District Court Without Prepaying Fees or Costs.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>3rd</u> day of August, 2023.